1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PATRICIA A. JOHNSON,                          CASE NO. 08cv2221- IEG (AJB)

12                                Plaintiff,        ORDER
                     vs.                           (1) GRANTING APPLICATION TO
13                                                  PROCEED IN FORMA PAUPERIS;

14   WELLS FARGO BANK, NATIONAL                     (2) DISMISSING COMPLAINT FOR
     ASSOCIATION as TRUSTEE; QUALITY               FAILURE TO STATE A CLAIM
15   LOAN SERVICE CORP.,

16                                Defendant.

17        Plaintiff, proceeding pro se, has submitted a civil complaint alleging defendants (1)

18   counterfeited securities in violation of 18 U.S.C. 513(a) and (2) violated the Truth in Lending Act by

19   failing to give full disclosure.  Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. §

20   1914(a); instead, she has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

21   § 1915(a).

22   **I.      Motion to Proceed In Forma Pauperis**

23        All parties instituting any civil action, suit or proceeding in a district court of the United States,

24   except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. §

25   1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the

26   plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169

27   F.3d 1176, 1177 (9th Cir. 1999).

28        The Court has reviewed Plaintiff's affidavit of assets and finds it shows she is unable to pay

the fees or post securities required to maintain the action.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  The Clerk of Court shall file the Complaint without prepayment of the filing fee.

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

**A.     Standard of Review**

However, any complaint filed by a person proceeding IFP is subject to sua sponte dismissal to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, while liberal construction is "particularly important in civil rights cases," Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." Lopez, 203 F.3d at 1130-31.

**B.     Counterfeiting Securities Claim**

Plaintiff claims her mortgage qualifies as a "counterfeited security" under 18 U.S.C. § 513(a). Section 513(a) prohibits counterfeiting securities of the states and private entities:

> Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both.

"The term 'counterfeited' means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety."  18 U.S.C. § 513(c)(1).  Plaintiff asserts her mortgage qualifies as a counterfeited security, however, plaintiff does not set forth any factual allegations to support this claim.  Her complaint fails to allege facts indicating the document is not genuine or was falsely made or manufactured in its entirety. Accordingly, the Counterfeiting Securities Claim is sua sponte **DISMISSED WITHOUT PREJUDICE** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### C.      Truth in Lending Act Claim

Plaintiff claims defendants violated the Truth in Lending Act by failing to disclose certain facts before making the loan.  Plaintiff cites 15 U.S.C. § 1635 and seeks rescission of the mortgage under "Regulation Z",12 C.F.R. § 226.23(d)(i).  Specifically, Plaintiff alleges defendants failed to disclose: (1) the original loan was created by checkbook entry, which may be sold in the open market; (2) the loan was pre-paid; (3) plaintiff would be converted into a joint tenant for 30 years; and (4) "all monthly payments of Federal Reserve notes, tender for debt." (Compl. 9.)

The Truth in Lending Act requires creditors to make disclosures to consumer debtors before issuing a loan.  Under 15 U.S.C. § 1638(a), a creditor is required to make specific disclosures to the debtor when the loan involves a security interest in the debtors principal dwelling: (1) the identity of the creditor; (2) the "amount financed"; (3) the "finance charge"; (4) the finance charge expressed as an "annual percentage rate"; (5) the "total payments"; (6) the number, amount, and due dates or period payments scheduled to repay the total payments; (7) descriptive explanations of the terms "amount financed," "finance charge," "annual percentage rate," "total of payments," and "total sale price"; (8) a statement that a security interest has been taken in the property; (9) any charge which creditor may impose for late payment; (10) a statement whether "consumer is entitled to a rebate of any finance charge upon refinancing"; (11) a statement that the consumer should refer to the appropriate contract for any information about nonpayment, default, right to accelerate; (12) "a statement indicating whether a subsequent purchaser . . . may assume the debt obligation"; (13) a statement regarding tax implications.  15 U.S.C. § 1638(a).  Further, under 15 U.S.C. § 1635, the creditor must disclose debtor's right to rescission.  A failure to make these disclosures extends the period of time the debtor

1    may exercise her right to rescind the transaction.  12 C.F.R. § 226.23(a)(3).

2          Plaintiff does not claim defendants failed to make any of these disclosures.  Further, she

3    provides no authority requiring defendants disclose the four facts she alleges defendant's withheld.

4    Accordingly, the Truth in Lending Act Claim is **DISMISSED WITHOUT PREJUDICE** for failing

5    to state a claim.

6    **III.    Conclusion and Order**

7          Based on the foregoing, Plaintiff's Motion to proceed IFP per 28 U.S.C. § 1915(a) is

8    **GRANTED**, however, Plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE** for failing

9    to state a claim upon which relief can be granted.  Plaintiff is **GRANTED** thirty (30) days from the

10   date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading

11   set forth above.  Plaintiff is cautioned her First Amended Complaint must be complete in itself,

12   without relying on references to the Original Complaint.  Plaintiff is further cautioned any defendant

13   not named or claim not re-alleged will be considered waived.  See <u>King v. Attiyeh</u>, 814 F.3d 1172,

14   1177-79 (9th Cir. 1996).

15   **IT IS SO ORDERED**.

16

17   DATED:  December 10, 2008

18                                                  IRMA E. GONZALEZ, Chief Judge

19                                                  United States District Court

20

21

22

23

24

25

26

27

28