# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. JOHNSON,<br><br>                              Plaintiff,<br>  vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION as TRUSTEE; QUALITY LOAN SERVICE CORP.,<br><br>                            Defendant. | CASE NO. 08cv2221- IEG (AJB)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM<br>[Doc. No. 4] |

On December 10, 2008, this Court dismissed plaintiff's complaint *sua sponte* for a failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2). (Doc. No. 3.) In the December 10 order, the Court detailed the complaint's deficiencies and granted leave to amend to cure those deficiencies. On January 2, 2009, plaintiff filed a First Amended Complaint alleging defendants (1) counterfeited securities in violation of 18 U.S.C. 513(a) and (2) violated the Truth in Lending Act by failing to give full disclosure. (Doc. No. 4.)

In her First Amended Complaint, plaintiff has rearranged the text of the Original Complaint, but only added one new paragraph:

> Only by Appointment of an Article III Court Justice and Common Law Proceedings before a well informed Jury who understands the rules of Common Law and a Special Grand Jury Investigation, Appointments of Article II Court Guidelines under the separation of power act and the following: Challenge under Title 5 556(D).[1]

---

[1] The cited statute, 5 U.S.C. § 556(d), governs the procedure for administrative hearings; therefore, the statute is inapplicable to the current proceeding.

1  (FAC at 11, Doc. No. 4.) The addition of this paragraph does not cure the deficiencies detailed in the
2  Court's December 10 order. (Doc. No. 3.) In that Order, the Court discussed, in detail, two fatal flaws
3  with plaintiff's complaint: (1) as to claim one, the complaint fails to allege facts to support her claim
4  that her mortgage was counterfeited; and (2) as to claim two, the complaint does not allege the
5  defendants failed to make any of the disclosures required by the Truth and Lending Act. (Dec. 10,
6  2008 Order at 2- 4, Doc. No. 3.) Plaintiff has failed to address these flaws in her First Amended
7  Complaint.

## CONCLUSION

9  For the foregoing reasons, the First Amended Complaint is DISMISSED WITHOUT
10 PREJUDICE for failing to state a claim upon which relief can be granted. Plaintiff is GRANTED
11 thirty (30) days from the file date of this Order to file a Second Amended Complaint addressing the
12 two deficiencies set forth above. If the Second Amended Complaint does not cure the deficiencies,
13 the Court is disinclined to grant additional leave to amend. For greater explanation of these
14 deficiencies, the Court directs plaintiff to the December 10 Order. Plaintiff is cautioned her Second
15 Amended Complaint must be complete in itself, without relying on references to the First Amended
16 Complaint or the Original Complaint. Plaintiff is further cautioned any defendant not named or claim
17 not re-alleged will be considered waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir.
18 1996).

20 **IT IS SO ORDERED.**

21 DATED: February 12, 2009

*Irma E. Gonzalez*
IRMA E. GONZALEZ, Chief Judge
United States District Court